UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WC 1ST AND TRINITY LP | § | Case No. 20-10885 |
| | § | |
| WC 3RD AND CONGRESS LP | § | Case No. 20-10887 |
| | § | |
| WC 1ST AND TRINITY GP LLC | § | Case No. 20-10886 |
| | § | |
| WC 3RD AND CONGRESS GP LLC | § | Case No. 20-10888 |
| Debtors | § | |

**RECEIVER'S RESPONSE TO DEBTORS' MOTION FOR RECONSIDERATION
AND NOTICE OF COMPLIANCE**

Gregory S. Milligan ("Milligan" or "Receiver"), the court-appointed Receiver for Debtor WC 1st & Trinity LP ("Trinity LP") and Debtor WC 3rd & Congress LP ("Congress LP") (Trinity LP and Congress LP, collectively the "Partnerships") files this Response to Debtors' Motion for Reconsideration of Court's Order Entered on August 20, 2020 (the "Motion for Reconsideration")[1] and Debtors' Notice of Compliance.[2]

**DEBTORS WERE ORDERED TO PROVIDED UNFETTERED ACCESS TO
ACCOUNTING DATA**

1. On August 14, 2020, this Court ordered "that the Debtors, and their owners, affiliates, and persons in control of the Debtors, including Natin Paul, shall give the Receiver unfettered access to the financial data in the accounting system as ordered by the state court, on or before August 17, 2020" (the "First Interim Order").[3] Debtors failed to comply with the First

---

[1] The Motions for Reconsideration were filed as Docket No. 39 in Case No. 20-10885, Docket No. 28 in Case No. 20-10886, Docket No. 36 in Case No. 20-10887, and Docket No. 28 in Case No. 20-10888.

[2] The Notice of Compliance was filed as Docket No. 34 in Case No. 20-10885, Docket No. 25 in Case No. 20-10886, Docket No. 33 in Case No. 20-10887, and Docket No. 25 in Case No. 20-10888.

[3] The Interim Order Regarding Discovery in Connection with the Motion to Dismiss and Setting Response Deadline is filed as Docket No. 19 in Case No. 20-10885, Docket No. 20 in Case No. 20-10886, Docket No. 26 in Case No. 20-10887, and Docket No. 19 in Case No. 20-10888.

{01472/0002/00255473.1}

Interim Order by failing to provide the Receiver with access to the accounting system referred to as "Yardi."

2. The Court held a status conference on August 18, 2020, after which it entered a Second Interim Order Regarding Discovery in Connection with the Motions to Dismiss (the "Second Interim Order")[4] ordering "that the Receiver be granted immediate access to the accounting system shared by the Debtors and their affiliates, including all information and transactions contained on that system."

### DEBTORS CLAIM THEY HAVE COMPLIED WITH THE COURT'S ORDERS

3. At 8:30 p.m. on August 20, 2020, counsel for Debtors sent an email to Stephen Lemmon, counsel for the Receiver, providing a user name and password and stating:

> As you know the Court ordered that the access be provided only to Mr. Milligan in his capacity as state court receiver. As such, the link, username and password below are provided only to Gregory S. Milligan in his capacity as receiver in CAUSE No D-1-GN-18-007636 in Travis County District Court.
>
> Further, pending the entry of a formal protective order, the information below, this email and all information accessible by the login information below is to be treated by Mr. Milligan as }CLASSIFIED INFORMATION and CONFIDENTIAL" as those terms are defined in Judge Davis' form of order found here: https://www.txwb.uscourts.gov/procedures-judge-tony-m-davis. For the avoidance of doubt, this information is not to be shared with anyone other than Mr. Milligan and his attorneys.

4. Immediately after sending that email, Debtors filed Notices of Compliance alleging that "they (a) have arranged access to all information and transactions maintained for or on behalf of the Debtors on Yardi, and (b) have provided Gregory S. Milligan, of the firm HMP Advisory Holdings, d/b/a Harney Partners, in his capacity as state court receiver, unfettered access for the

---

[4] The Second Interim Order is filed as Docket No. 31 in Case No. 20-10885, Docket No. 24 in Case No. 20-10886, Docket No.32 in Case No. 20-10887, and Docket No.24 in Case No. 20-10888.

{01472/0002/00255473.1}　　　　　　　　　2

same."[5] Debtors further state: "The Debtors do not own or have the right to access any information in Yardi with respect to the confidential commercial operations information and trade secret information related to non-debtors."

### DEBTORS SEEK RECONSIDERATION OF THE COURT'S ORDER

5. Despite claiming they have "complied" with the Court's order, Debtors filed the Motion for Reconsideration stating that Debtors do not "control non-debtor information stored in the Yardi system." This makes clear that Debtors did not and do not intend to provide unlimited and unfettered access to Yardi to the extent that information contains data related to non-debtors, even when necessary to understand related transactions of the Debtors.

6. In support of the Motion for Reconsideration, Debtors misstate the holding of Judge Soifer in the state-court case and selectively quote Judge Soifer's ruling in an effort to justify their claims that limited access would suffice. The Motion for Reconsideration states:

> The state court ordered specifically that Mr. Milligan be provided Yardi access to the entities over which he held a state court receivership: WC 1st and Trinity, LP and WC 3rd and Congress, LP and no other entities, stating that: "If there is a way to go into Yardi without seeing anything beyond the entities that are Defendants in this lawsuit, then that -- that is my order."

Debtors then purport to attach the transcript of the state-court hearing in which Judge Soifer made that ruling, but they do not actually include the relevant testimony.

7. The reason for this omission is transparent upon a reading of the actual transcript:

> And so I am persuaded that the Plaintiff and the Receiver need to be given access -- and I guess just -- we can start with the Receiver, must be given access to [Yardi].
>
> And I am persuaded that that is the information that you-all need. **And it seems as though the reason you haven't gotten it, although this hasn't been argued directly, is because all of their accounting is intertwined among all these various entities, and once you get access to**

---

[5] The Notice of Compliance was filed as Docket No. 34 in Case No. 20-10885, Docket No. 25 in Case No. 20-10886, Docket No. 33 in Case No. 20-10887, and Docket No. 25 in Case No. 20-10888.

**Yardi, you get to see everything. And if I'm correct about that, then that is my order; that if you can't go into Yardi without seeing all of the World Class entities' financial information, then so be it, because that seems to be a deliberate choice.** If there is a way to go into Yardi without seeing anything beyond the entities that are Defendants in this lawsuit, then that -- that is my order.[6]

## DEBTORS CONTINUE TO DISREGARD THE COURT'S ORDER

8. Barbara Lee, the World Class Vice President of Accounting, testified that back-up information for accounting entries, such as leases, contracts, invoices, checks, etc., are available through Yardi by "drilling down" on a particular entry. With some exceptions, and with the caveat that Receiver has not yet been able to undertake a full review of the Yardi system,[7] it appears that is not the case and that Debtors have produced little more than what was turned over in the state court litigation.

9. By way of example, a controversy exists approximately $2.5 million paid by Trinity LP to World Class Capital Group in late 2015 and early 2016. From the restricted accounting system access provided by Debtors, Receiver has thus far been unable to locate any payables, invoices, or other supporting materials for such disbursements, and some entries do not even show a reason for the payments. The restricted access does not allow Receiver to understand how World Class Capital Group, as the counter party, booked the transactions.

10. Ms. Lee testified that the bank accounts of the general partner debtors were commingled with World Class Capital Group bank accounts. No effort was ever made to have a separate bank account. *See* Lee Transcript at 193:8-16) ("They use an affiliated entity's bank account. They don't have a separate bank account in their name.") Thus, access to non-debtor account information is necessary for a full analysis of Debtors' finances.

---

[6] The full transcript of this hearing was attached to Receiver Motion to Dismiss as Exhibit M.

[7] Debtors have refused permission for Receiver's associate, Erik White, an individual with prior Yardi experience and general forensic accounting experience, to have access to the limited set of data provided to the Receiver thus far.

{01472/0002/00255473.1}     4

11. What Debtors have provided is a limited version of Yardi. It is not what the Court ordered to be provided. What Debtors have provided does not meet the requirements of financial transparency. The Court should deny the Motion to Reconsider.

Dated: August 21, 2020          Respectfully submitted,

STREUSAND, LANDON, OZBURN & LEMMON LLP

By: */s/ Stephen W. Lemmon*
    Stephen W. Lemmon
    State Bar No. 12194500
    lemmon@slollp.com
    Rhonda Mates
    State Bar No. 24040491
    mates@slollp.com
    1801 S. MoPac Expressway, Suite 320
    Austin, Texas 78746
    (512) 236-9900; (512) 236-9904 (Fax)

ATTORNEYS FOR RECEIVER GREGORY S. MILLIGAN

**CERTIFICATE OF SERVICE**

      The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served on this 21st day of August 2020 upon all parties requesting service via ECF notification, and/or via first class mail upon the following:

Mark H. Ralston
13155 Noel Road, Suite 700
Dallas, TX 75240
Email: mralston@fjrpllc.com
ATTORNEY FOR DEBTORS

Bennett G. Fisher
Fisher & Associates, Attorneys at Law
1305 Prairie Street, Suite 200
Houston, TX 77002
bgf@fisherlaw.net
ATTORNEY FOR DEBTORS

William H. Daniel
Ray Chester
McGinnis Lochridge LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
wdaniel@mcginnislaw.com
rchester@mcginnislaw.com
ATTORNEYS FOR THE ROY F. & JOANN COLE MITTE FOUNDATION

C. Daniel Roberts
C. DANIEL ROBERTS, P.C.
1602 E. Cesar Chavez
Austin, Texas 78702
droberts@cdrlaw.net
ATTORNEY FOR UNITED HERITAGE CREDIT UNION

Elizabeth N. Boydston
Savanna L. Barlow
Polsinelli PC
2950 North Harwood St., Suite 2100
Dallas, Texas 75201
lboydston@polsinelli.com
sbarlow@polsinelli.com
ATTORNEYS FOR LADDER CAPITAL FINANCE LLC

Deborah A. Bynum
Deborah.A.Bynum@usdoj.gov
UNITED STATES TRUSTEE

                                                        */s/ Stephen W. Lemmon*
                                                        Stephen W. Lemmon

{01472/0002/00255473.1}                                                      7