

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 14, 2020.**

_____
**TONY M. DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

---

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WC 1ST AND TRINITY LP** | § | **Case No. 20-10885** |
| | § | |
| **WC 3RD AND CONGRESS LP** | § | **Case No. 20-10887** |
| | § | |
| **WC 1ST AND TRINITY GP LLC** | § | **Case No. 20-10886** |
| | § | |
| **WC 3RD AND CONGRESS GP LLC** | § | **Case No. 20-10888** |
| **Debtors** | § | |

### ORDER GRANTING MOTIONS TO DISMISS

On August 5, 2020, the Debtors filed the above cases under chapter 11 of the Bankruptcy Code. Two days later, the state court Receiver for each of the Debtors moved to dismiss the cases arguing that Nate Paul lacked authority to file on behalf of the Debtors and that the cases were filed in bad faith [ECF No. 10]. A few days after that, The Roy F. & Joann Cole Mitte Foundation filed motions seeking dismissal of the cases on the same grounds [ECF No. 14]. At a status conference, the Court directed the Debtors to file a response to the motions to dismiss addressing the authority-to-file issue only. The Court has reviewed the Debtors' response, the Receiver's reply, and the Debtors' sur-reply and, as discussed below, finds that the motions to dismiss should be granted because Nate Paul lacked authority to file for bankruptcy on the Debtors' behalf.

1

Debtors Trinity LP and Congress LP are Texas limited partnerships and are governed by the partnership agreements for each entity and the Texas Business Organizations Code. Before the Receiver was appointed, management of the Partnerships was vested in the general partners, Debtors Trinity GP and Congress GP. After the Receiver was appointed, the general partners' rights to manage the limited partnerships was restricted. Specifically, the receivership order entered by the state court provides:

**II. General Powers and Duties of Receiver**

4. Except as limited herein, **the Receiver shall have all powers, authorities, rights, and privileges necessary to manage the Receivership Assets** under the supervision of the Court. **This includes all powers to manage the Receivership Assets that were heretofore granted to the general partners under the Partnership Agreements**, and all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of Texas law, and this Order.

5. The trustees, directors, officers, managers, investment advisors, accountants, attorneys, and other agents of the Partnerships are hereby **ordered not to take any action to manage, sell, dispose of, retain or in any way exercise control over the Receivership Assets**. **Such persons and entities shall have no authority with respect to the Receivership Assets, except to the extent as hereafter may be expressly granted by the Court or the Receiver**. Such persons and the general partners of each of the Partnerships shall retain the exclusive right to prosecute and defend the claims of the Partnerships in the arbitration or this suit.

6. **No person** holding or claiming any position of any sort with any of the Partnerships **shall possess any authority to** sell, convey, **manage**, retain, **or in any way exercise control over the Receivership Assets**.

**IX. Bankruptcy Filing**

39. The Receiver is granted the **sole and exclusive right to file voluntary petitions** for relief under Title II of the United States Code (the "Bankruptcy Code") **for the Partnerships**, or any of them. If a Partnership is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estate as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity.

As both sides note in their briefs, state law governs who has authority to file a bankruptcy case on behalf of an entity debtor. *Price v. Gurney*, 324 U.S. 100, 106 (1945); *In re Franchise*

*Services of North America, Inc.*, 891 F.3d 198, 203 (5th Cir. 2018). The Debtors also concede that a state court could give the Receiver authority to file bankruptcy on behalf of the Debtors. Resp., ECF 40 at 21. The dispute is whether the state court could give the Receiver the sole authority to file bankruptcy.

In their Response, the Debtors cite numerous preemption cases that say a state court cannot prevent a debtor from exercising its right to file bankruptcy. *E.g. In re Kreisers, Inc.*, 112 B.R. 996, 999-1000 (Bankr. D.S.D. 1990); *In re Greater Atlanta Apartment Hunger's Guide, Inc.*, 40 B.R. 29, 31 (Bankr. N.D. Ga. 1984); *In re S & S Liquor Mart, Inc.*, 52 B.R. 226, 227 (Bankr. D.R.I. 1985). All of these cases are older cases from outside the 5th Circuit that fail to address the narrower question of whether a state court can dictate who has authority to file bankruptcy on behalf of an entity debtor. And none of the cases involve a receivership order that expressly gave the receiver the sole authority to file bankruptcy. In addition, the reasoning in the Debtors' cases was recently called into question by the Ninth Circuit. *See In re Sino Clean Energy, Inc.*, 901 F.3d 1139, 1142 (9th Cir. 2018) *aff'g Sino Clean Energy, Inc.*, 565 B.R. 677, 681-83 (D. Nev. 2017) (rejecting the preemption argument and finding that a state court receivership order can prevent a corporation's directors from filing bankruptcy by replacing them with new directors).

The cases cited by the Receiver are more on point because they address the narrower question of who has authority to file on behalf of an entity debtor. *Chitex Comm. v. Kramer*, 168 B.R. 587, 589-90 (S.D. Tex. 1994); *In re Statepark Bldg. Group, Ltd.*, 316 B.R. 466, 471-72 (Bankr. N.D. Tex. 2004); *El Torero Licores v. Raile (In re El Torero Licores)*, 2013 WL 6834609 at *5-6 (C.D. Cal. Dec. 20, 2013). These courts all found that a state court can dictate who has authority to file a petition on behalf of an entity debtor because that question is governed by state law. Here, we have a state court order that gave the Receiver the sole authority to file bankruptcy and the Court finds that the state court's order should be honored.

ACCORDINGLY, IT IS THEREFORE ORDERED that the motions to dismiss are granted because Nate Paul lacked authority to file these bankruptcy cases.

###